STATE OF IOWA v. W. E. DEYOE, Appellant.

EVIDENCE—*of larceny*—held insufficient to sustain a conviction.

*Appeal from Osceola District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

TUESDAY, APRIL 7, 1896.

THE DEFENDANT, with two others, was indicted for larceny. Defendant was tried, convicted, sentenced, and appeals.—*Reversed.*

*Carr & Parker* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

KINNE, J.—The indictment charges that the defendant and two others, did on or about the twentieth of September, 1891, steal one hundred and two head of cattle, the property of one Matthew McCabe, who owned and possessed them as a bailee for hire. It is earnestly contended that the evidence did not justify the conviction of the defendant, and we think this claim is well founded. We cannot go into a detailed discussion of all the evidence, but will state the substance of it and the facts which appear to be established by it. The following facts are not seriously controverted: McCabe, in the spring of 1891, gathered a herd of some seventeen hundred head of cattle in northwestern Iowa, and drove them to his herding ground, in southern Minnesota. In the herd he had some cattle of his own. On the way up he took in many head of cattle in Minnesota. He kept his herd in Minnesota until the fall of the year. The cattle were herded in the day time, and kept in a yard at night. This yard contained from two to four acres of ground, and was inclosed with a barb-wire

fence and a gate made of four boards and wire between the boards. It was a half mile from this yard to the nearest house. The gate was closed nights, and tied with a rope. McCabe was at the herding ground at various times during the summer, and was there about the tenth or twelfth of September, 1891, at which time he claims to have counted the cattle, and to have ascertained that they were all there except some twenty head that had died. He swears that he counted the cattle himself while they were scattered over eighty acres of ground. He was riding a pony. He admits that he could not identify all of these cattle, but could a good many of them. On the twentieth of September, 1891, the cattle were placed in the yard in the afternoon earlier than usual, as another herd belonging to one Fisher was being driven down past the McCabe herd, and the gate was fastened as usual. That night the cattle in McCabe's herd were noisy, and cattle were heard bellowing and going south. The next morning the fastening of the gate showed that it had been tampered with, and, when the cattle were turned out, some were missing, though it appears that, at that time, McCabe's men in charge of the herd only discovered that a few head were gone. It appears, also, that the number of cattle missed, did not excite interest enough to induce the men in charge of the herd to make any effort to find them for two days after it was discovered that some were missing. Shortly after the twenty-first of September, 1891, McCabe's herd was driven back to Iowa; and, when he delivered them to the owners, he was short many head of cattle, and some twenty odd head were found in the possession of parties to whom they had been delivered by the defendant. Defendant, in the spring of 1891, gathered a herd of cattle in Sioux and Lyon counties, in Iowa, numbering about two thousand four hundred. He drove them to his herding grounds, in southern Minnesota, about fifteen miles distant from McCabe's grounds. On the way up, enough more cattle were taken into the herd to swell the number to two thousand seven hundred head. Defendant had cattle of his own in his herd. The balance of his cattle belonged to about one hundred and fifty different persons. When defendant drove his herd up, he lost many cattle, and his herders went back and gathered up something over eighty head, and returned them to the herd. When defendant delivered his cattle to the several owners in the fall, a few head which belonged to McCabe's herd were delivered by defendant to his customers, to make up the number belonging to them. The defendant sold some cattle to different parties, and one sale which he made shortly after September 20, 1891, embraced some cattle which had belonged to McCabe's herd. The claim of the state is that the cattle lost by McCabe, were taken by the defendant or his men from McCabe's yard on the night of September 20, 1891.

It must, we think, be conceded, that cattle were taken from or out of McCabe's yard the night of September 20, 1891; but we fail to discover any evidence which shows that they were taken by defendant or his men. In fact, we think there is no evidence showing, or tending to show, the taking of McCabe's cattle by defendant or his men,

save the fact that, shortly after, some of these McCabe cattle were in the herd of the defendant. We think, however, his possession of them can be very satisfactorily explained. It is claimed, and there is evidence from which the fact might well be found, that, when McCabe drove his cattle up in the spring, a number of his cattle were lost. It is undisputed that defendant drove his herd up very soon after McCabe's, and that he lost cattle, and sent his men back, and gathered up over eighty head. It is not improbable that these may have included some that McCabe lost. There is no evidence that the defendant had knowledge that he had in his possession at any time any of McCabe's herd, nor does it appear that he, at the time he delivered his cattle, knew that he had any that had belonged to McCabe's herd. We place but little reliance upon the count of the cattle which McCabe says he made when there were one thousand seven hundred of them spread over an 80-acre field. No one else pretends to have counted them, and it is clear from the evidence that neither McCabe nor the defendant, in view of the marks and brands on the cattle, and the fact that many of them were not branded at all, could identify any considerable number of them. The guilt of the defendant seems to be based largely on the fact of his having been found in possession of some of McCabe's cattle. While such possession, if recent and unaccounted for, furnishes a strong presumption of guilt, it can readily be understood that a man in possession of two thousand seven hundred cattle, might have in his herd cattle not belonging there without having stolen them, and might be without any knowledge as to who was the owner of them. We do not think such a case was made as justified the conviction of this defendant. His possession of these McCabe cattle, so far as appears, was innocent and without any knowledge that they belonged to McCabe's herd. The identity of cattle is often a matter of much doubt, and, though it be conceded that some of McCabe's cattle were in defendant's possession, still, as we have said, there is no evidence showing that he or his men stole them, or that he knew they were McCabe's. Defendant ought not to be convicted and sent to prison for stealing these cattle when he has shown such facts as should be held, under all of the circumstances of the case, to rebut the presumption of guilt arising from the possession of the cattle.

After a careful consideration of this entire record, we are convinced that the defendant has not been proven guilty. So believing, we deem it unnecessary to pass upon other questions raised. The court should have granted a new trial.—REVERSED.